## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE V. THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-00654** |
| **JOSEPH P. LOPINTO** | **SECTION: "H"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie V. Thomas, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983.  In his complaint, he states his claim as follows:

> Nurse Gwen failed to do her job properly working as a nurse for the Jefferson Parish Correctional Center by doing an improper blood extraction and stuck me 5 times looking for a vein this has caused me perminate irreversable damage in the manner of causing me a pinched nerve and I can not fully extend my arm and I am in constant pain.  I have informed the medical staff of this on going problem to no avail and have been ignored.  This demonstrates a denial of medical assistance and violation of my U.S. and Louisiana Constitutional Rights to protection against cruel and unusual punishment.[1]

The sole defendant plaintiff named with respect to the foregoing claim is Jefferson Parish Sheriff Joseph P. Lopinto.

## I.  Standards of Review

Plaintiff filed this federal civil action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or

---

[1] Rec. Doc. 1, p. 6.

>    (iii)    seeks monetary relief against a defendant who is immune from such
>             relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

>    On review, the court shall identify cognizable claims or dismiss the
>    complaint, or any portion of the complaint, if the complaint –
>
>    (1)    is frivolous, malicious, or fails to state a claim upon which relief
>           may be granted; or
>    (2)    seeks monetary relief from a defendant who is immune from such
>           relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that plaintiff's claim against Jefferson Parish Sheriff Joseph P. Lopinto be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted.

## II.  Plaintiff's Claim

As noted, plaintiff claims that he was injured during a blood extraction and has not received proper medical care for that injury. The sole defendant sued in this lawsuit is Jefferson Parish Sheriff Joseph P. Lopinto. Plaintiff does not indicate whether Sheriff Lopinto is being sued in his

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

official capacity, his individual capacity, or both. Nevertheless, the Court finds that plaintiff's allegations are insufficient to state a claim against Sheriff Lopinto in either capacity.

If Sheriff Lopinto is being sued in his official capacity, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, any official-capacity claim against Sheriff Lopinto would in reality be a claim against the local governmental body itself. Maize v. Correct Health Jefferson, L.L.C., Civ. Action No. 13-5925, 2013 WL 6490549, at *2 (E.D. La. Dec. 10, 2013); see also Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement*, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action

4

No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against Sheriff Lopinto.

On the other hand, if Sheriff Lopinto is being sued in his individual capacity, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, there is no allegation that Sheriff Lopinto was in any way *personally involved* in the actions on which plaintiff's claim is based. Where, as here, a plaintiff merely lists an individual as a defendant but makes no factual allegations whatsoever against him, no cognizable claim has been stated against that defendant. See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action

No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014).  Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against Sheriff Lopinto.[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against Jefferson Parish Sheriff Joseph P. Lopinto be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of February, 2019.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Although Sheriff Lopinto is the head of the Jefferson Parish Sheriff's Office, that fact is not alone a sufficient basis to hold him liable under § 1983.  It is well established that a supervisory official may not be held liable pursuant to § 1983 under any theory of vicarious liability for federal civil rights violations allegedly committed by his subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").